**ABM INDUSTRIES, INC.; AMPCO System Parking, Plaintiffs–Appellants,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, Defendant–Appellee.**

**ABM Industries, Inc.; AMPCO System Parking, Plaintiffs–Appellants,**

v.

**National Union Fire Insurance Company of Pittsburgh, PA, Defendant–Appellee.**

Nos. 06–16939, 06–17144.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed Aug. 14, 2008.

---

John N. Ellison, Reed Smith Crosby Heafey LLP, Philadelphia, PA, Bruce Imai, Imai Tadlock Keeney & Cordery LLP, San Francisco, CA, for Plaintiffs–Appellants.

Wade C. Crosnoe, Thompson Coe Cousins & Irons, LLP, Austin, TX, Kevin H. Ho, Robert G. Levy, Barger & Wolen, LLP, San Francisco, CA, Ellen Van Meir, Thompson Coe, Dallas, TX, for Defendant–Appellee.

Before: W. FLETCHER and TALLMAN, Circuit Judges, and DAWSON *, District Judge.

* The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

**802**

MEMORANDUM **

Under California law, an insurance company has a duty to defend an underlying suit when, comparing the allegations set forth in the underlying complaint and known facts extrinsic to the complaint with the policy's terms, "they reveal a possibility that a claim may be covered by the policy." *Montrose Chem. Corp. v. Superior Court*, 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1157 (1993) (internal quotation marks omitted). Because the district court properly determined that the underlying complaint in this case gave rise to no potentially covered claims under the terms of National Union Fire Insurance Company of Pittsburgh's (National) general commercial liability policy, National was neither under a duty to defend ABM Industries Inc. (ABM) nor to indemnify ABM for the cost of litigating and ultimately settling the underlying action.

■ **1.** A *de novo* review of the record, see *FDIC v. O'Melveny & Myers*, 969 F.2d 744, 747 (9th Cir.1992), *rev'd on other grounds, O'Melveny & Myers v. FDIC*, 512 U.S. 79, 114 S.Ct. 2048, 129 L.Ed.2d 67 (1994), confirms that the underlying complaint did not state a claim potentially covered by the slander provision in the personal injury clause of National's policy. Under Texas law, a claim for slander must allege oral publication. The underlying complaint did not suggest oral publication to a third party, and the district court properly granted summary judgment in National's favor. *See Randall's Food Mkts. v. Johnson*, 891 S.W.2d 640, 646 (Tex.1995).

■ **2.** Nor did the underlying complaint contain a viable claim for libel. Texas law requires as essential elements of such a claim a factual statement that harms an individual's or corporation's reputation. *Houseman v. Publicaciones Paso del Norte, S.A. DE C.V.*, 242 S.W.3d 518, 524 (Tex.App.2007) (quoting Tex. Civ. Prac. & Rem.Code § 73.001) (Vernon 2005); *Falk & Mayfield L.L.P. v. Molzan*, 974 S.W.2d 821, 824 (Tex.App.1998). Because the tenant estoppel certificate set forth ABM's legal opinion—not a statement of fact—and because the underlying complaint did not allege any harm to the esteem in which others held the underlying plaintiff, as opposed to how two potential lenders evaluated the risk in making the requested loan, the district court appropriately ruled in National's favor.

■ **3.** The district court also correctly concluded that National owed ABM no duty to defend arising out of the personal injury provisions for disparagement. Section four of the policy's personal injury clause plainly states that a claim for disparagement must implicate a good, service, or product. A legal position on the enforceability of a lease agreement, as expressed in the tenant estoppel certificate here, cannot fairly be construed to implicate a good, service, or product under the ordinary meanings of those terms. The district court therefore properly granted summary judgment in National's favor.

■ **4.** Finally, ABM's contention that a claim for tortious interference or business disparagement automatically falls within section four of the personal injury clause is unavailing. Under the plain language of the insurance policy, only tortious interference and disparagement claims that relate to goods, products, and services are covered. The district court properly

---

** This disposition is not appropriate for publication and is not precedent except as provid-

entered summary judgment for National.[1]

**AFFIRMED.**

1. Because we find there was no duty to defend under the policy, National's arguments that it owed ABM no duty because ABM failed to exhaust the limits of its primary insurance policy issued by Zurich American and that ABM made fraudulent misrepresentations are moot.

